```
                    FILED
              2020 MAR 16 10:19 AM
                 KING COUNTY
              SUPERIOR COURT CLERK
                    E-FILED
              CASE #: 20-2-06586-2 KNT
```

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| MAXIMUS BUGUIEV and TATYANA FADEEVA, a married couple,<br><br>                    Plaintiffs,<br><br>vs.<br><br>FIRST AMERICAN PROPERTY & CASUALTY INSURANCE COMPANY, a foreign insurer,<br>                    Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES** |

The plaintiffs, Maximus Buguiev and Tatyana Fadeeva ("the Buguievs"), by and through their attorney of record, Joseph W. Moore of MOORE LAW GROUP, PLLC, allege as follows:

### I. JURISDICTION

1.1  The above-captioned Court has jurisdiction over the parties and subject matter of this lawsuit.

### II. VENUE

2.1  King County Superior Court is a proper venue for this action under RCW 4.12.025 because the defendant First American Property & Casualty Insurance Company (hereinafter "First American") transacts business in King County, Washington.



COMPLAINT FOR DAMAGES
Page 1 of 7

MOORE LAW GROUP, PLLC
1604 Hewitt Avenue, Suite 515
Everett, WA 98201
P: (425) 998-8999 / F: (425) 903-3638

### III. IDENTIFICATION OF PARTIES

3.1 At all times material hereto, Plaintiffs Maximus Buguiev and Tatyana Fadeeva were residents of King County, Washington.

3.2 Defendant First American is an insurance company properly licensed and doing business in Snohomish County, Washington State.

3.3 At all times material hereto, First American insured Mr. Buguiev and Ms. Fadeeva under a homeowner's policy.

3.4 Defendant First American is liable under *respondeat superior* for all acts or omissions alleged herein of its agents or employees involved in the Buguievs' claim, including (but not limited to) adjusters, attorneys, or others employed by First American and whose actions or omissions were committed within the scope of their agency or on behalf of First American.

### IV. FACTS

4.1 Defendant First American issued a "Homeowners Policy" to Mr. Buguiev, policy number WAPH 217709, which was in force and effect at the time of the loss described in this Complaint.

4.2 The Policy provided all-risk coverage for, *inter alia*, dwelling damage (Coverage A) up to $250,000, contents/personal property damage (Coverage C) up to $175,000, and loss of use (Coverage D) up to $50,000.

4.3 These coverage limits were further extended by endorsements/riders provided for in the policy.

4.4 On or about March 20, 2019, Mr. Buguiev observed water coming out underneath the cabinets in his kitchen. He timely reported the loss to First American.

COMPLAINT FOR DAMAGES
Page 2 of 7

MOORE LAW GROUP, PLLC
1604 Hewitt Avenue, Suite 515
Everett, WA 98201
P: (425) 998-8999 / F: (425) 903-3638

4.5    On or about March 27, 2019, Michael Peimann from Crawford & Company came out to Mr. Buguiev's house to inspect the damage. Mr. Peimann spent a total of approximately 10-15 minutes taking photos and measurements.

4.6    Mr. Piemann determined that the Replacement Cash Value for the damage caused by a broken drainpipe totaled $10,202.13. Mr. Piemann called the First American adjuster and left a voicemail asking that ServPro start demolition on the property. ServPro did not come out to the home until four days later, on April 1, 2019.

4.7    On April 4, 2019, American Leak Detection technician Charlie Allaire went to the Buguievs' home to perform a cause, origin, and duration investigation into a leak behind the kitchen sink.

4.8    Mr. Allaire stated that the water on the floor seen by Mr. Buguiev was caused by a leak in the sink drain line. He opined that when water flowed through the drain line, it leaked into the wall cavity and down to the subfloor.

4.9    Mr. Allaire further believed that based on the decay and moisture pattern in the subfloor, that the leak had been occurring for a duration of one year or more. Mr. Allaire was unable to inspect the leaking pipe itself, as it had already been replaced and unavailable for inspection.

4.10   On April 8, 2019, claims representative Bianca Orozco sent Mr. Buguiev a letter and payment of $8,936.79 for what First American determined was the Actual Cash Value of the loss. Ms. Orozco's letter stated that per the policy issued by First American, there was no coverage for the repair to the plumbing that the water escaped from that caused the water damage.

4.11   The Buguievs have obtained several estimates to repair the damage to their kitchen, ranging from $36,784.50 to $45,990.00. To date, they have continued to live in a home

COMPLAINT FOR DAMAGES
Page 3 of 7

MOORE LAW GROUP, PLLC
1604 Hewitt Avenue, Suite 515
Everett, WA 98201
P: (425) 998-8999 / F: (425) 903-3638

without a functional kitchen, as they have been unable to pay for the repairs absent the assistance from their insurer to pay for repairs for which they had paid premiums in exchange for the promise of coverage.

4.12    On August 13, 2019, counsel for the Buguievs sent First American a letter of representation advising First American that the Buguievs were now represented by counsel. The letter requested several items, including a certified copy of the policy, as well as estimates and photographs. After receiving no response, a follow-up letter was sent on September 27, 2019. To date, no response has been received from First American to either letter.

4.13    First American has failed to timely accept, deny, or otherwise respond to Mr. Buguiev's request for the policy benefits.

## V.    BREACH OF CONTRACT

5.1    Plaintiff re-alleges paragraphs 1.1 through 4.13 as though fully set forth herein.

5.2    Defendant First American owed a contractual duty to its insured, Mr. Buguiev, under the policy of insurance in force and effect at the time of the loss to promptly investigate and pay all benefits owed under the Policy.

5.3    Defendant First American also had a duty to its insured, Mr. Buguiev, to act reasonably and in good faith in the investigation and adjustment of his insurance claim under the terms of the insurance contract between the parties as described above.

5.4    Defendant First American breached the contract of insurance by failing to promptly and reasonably investigate or pay benefits owed to Mr. Buguiev.

5.5    Defendant First American further breached its contract of insurance by acting in Bad Faith and failing to give equal consideration to Mr. Buguiev in all matters, including in its investigation, adjustment, and coverage.

COMPLAINT FOR DAMAGES
Page 4 of 7

MOORE LAW GROUP, PLLC
1604 Hewitt Avenue, Suite 515
Everett, WA 98201
P: (425) 998-8999 / F: (425) 903-3638

## VI. VIOLATIONS OF THE CONSUMER PROTECTION ACT

6.1 Plaintiffs re-allege paragraph 1.1 through 5.5 as though fully set forth herein.

6.2 Defendant First American's acts and omissions constitute multiple violations of the insurance regulatory provisions of the Washington Administrative Code, including, **but not limited to**:

1. WAC 284-30-330(2) ("Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies.") and WAC 284-30-360(3) ("For all other pertinent communications from a claimant reasonably suggesting that a response is expected, **an appropriate reply** must be provided within ten working days for individual insurance policies") First American has failed to respond to any communications from Mr. Buguiev's agent.

2. WAC 284-30-330(3) ("Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies.") First American has failed to implement a policy to promptly conduct a thorough investigation of this claim (or similar claims).

3. WAC 284-30-330(4) ("Refusing to pay claims without conducting a reasonable investigation.") First American failed to timely and fully investigate the scope of Mr. Buguiev's claim.

4. WAC 284-30-330(5)("Failing to affirm or deny coverage of claims within a reasonable time after fully completed proof of loss documentation has been submitted.") and WAC 284-30-380(1)("Within fifteen working days after receipt by the insurer of fully completed and executed proofs of loss, the insurer must notify the first party claimant whether the claim has been accepted or denied.")

5. WAC 284-30-330(7) ("Compelling a first party claimant to initiate or submit to litigation, arbitration, or appraisal to recover amounts due under an insurance policy...") First American forced Mr. Buguiev to initiate litigation as a result of its failure to issue payment of benefits owed.

6. WAC 284-30-370 ("Every insurer must complete its investigation of a claim within thirty days...") First American failed to complete a reasonable investigation within thirty days as required.

COMPLAINT FOR DAMAGES
Page 5 of 7

MOORE LAW GROUP, PLLC
1604 Hewitt Avenue, Suite 515
Everett, WA 98201
P: (425) 998-8999 / F: (425) 903-3638

6.3     Defendant First American's violations of the Washington Administrative Code provisions, including those identified herein, constitute per se violations of RCW 19.86 *et seq.*, the Consumer Protection Act.

6.4     Defendant First American's bad faith conduct, as alleged herein, also constitutes violations of RCW 19.86 *et seq.*, the Consumer Protection Act.

## VII.     BAD FAITH

7.1     Plaintiffs re-allege paragraphs 1.1 through 6.4 as though fully set forth herein.

7.2     As part of its duty of good faith, First American was required to consider Mr. Buguiev's interests equally with its own, to not overemphasize its own interest in minimizing claim payments, and to refrain from making any claim decisions based on speculation or conjecture.

7.3     Under its duty of good faith, First American also had an independent obligation to honestly, fairly and reasonably investigate all claims. First American's obligation to investigate and adjust the claim in good faith included the obligation to perform such investigation or adjustment timely.

7.4     In breach of this duty, First American failed to conduct a meaningful or genuine investigation of the benefits owed to the Buguievs under the Policy.

7.5     First American utilized unfair claims handling practices to delay the payment of owed benefits and to conceal available benefits.

7.6     First American failed to thoroughly or reasonably investigate the amount of benefits owed to Mr. Buguiev for his loss, both in terms of the scope of the loss and the amount of damage.

COMPLAINT FOR DAMAGES
Page 6 of 7

MOORE LAW GROUP, PLLC
1604 Hewitt Avenue, Suite 515
Everett, WA 98201
P: (425) 998-8999 / F: (425) 903-3638

7.7     First American's conduct throughout the course of its claim investigation constituted many breaches of its duty of good faith in violation of Washington statutory and decisional law.

7.8     First American's bad faith conduct is also in violation of the Washington Consumer Protection Act, RCW 19.86, *et seq.*

## VIII.   PRAYER FOR RELIEF

8.1     As the proximate result of the foregoing, the Buguievs have suffered and continue to suffer losses in an amount to be proven at trial.

WHEREFORE, Plaintiffs pray for the following relief:

A. Judgment against First American for breach of contract;
B. Judgment against First American for violation of the Consumer Protection Act, RCW 19.86 *et seq.*;
C. Judgment against First American for Bad Faith;
D. Judgment against the defendant for attorneys' fees and costs as allowed by law, including, but not limited to, RCW 19.86 *et seq.*;
E. Judgment against First American for exemplary and treble damages under RCW 19.86 *et seq.*;
F. Judgment against the defendant for all damages proximately caused by its misconduct, including economic and non-economic damages, and
G. For such other relief as the Court deems just and equitable.

DATED this 16th day of March, 2020.

MOORE LAW GROUP, PLLC

_____
Joseph W. Moore, WSBA No. 44061
Attorney for Plaintiff

COMPLAINT FOR DAMAGES
Page 7 of 7

MOORE LAW GROUP, PLLC
1604 Hewitt Avenue, Suite 515
Everett, WA 98201
P: (425) 998-8999 / F: (425) 903-3638