1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

MAXIMUS BUGUIEV and TATYANA
FADEEVA, a married couple,

                    Plaintiffs,

        v.

FIRST AMERICAN PROPERTY &
CASUALTY INSURANCE COMPANY, a
foreign insurer,

                    Defendants.

Case No. 2:20-cv-01007-JLR

**ANSWER OF DEFENDANT FIRST AMERICAN PROPERTY & CASUALTY INSURANCE COMPANY TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL**

Pursuant to Federal Rules of Civil Procedure 7(a)(2), 8(b) and 81(c)(2), Defendant First American Property & Casualty Insurance Company ("Defendant" or "First American") hereby answers Plaintiffs' Complaint, filed in the King County Superior Court with Case No. 20-2-06586-2 KNT and removed to this Court and assigned Case No. 2:20-cv-01007-JLR:

1.      As to paragraph 1.1 of Plaintiffs' Complaint, this paragraph states a legal conclusion and no response is required. To the extent a response is required, First American denies the allegations in this paragraph and asserts that as a result of the allegations in the Complaint, citizenship of the parties, and First American's removal of this case to federal court, the U.S. District Court for the Western District of Washington now has jurisdiction over this lawsuit.

ANSWER OF DEFENDANT FIRST AMERICAN PROPERTY AND CASUALTY INSURANCE COMPANY TO PLAINTIFFS' COMPLAINT - 1

COLE | WATHEN | LEID | HALL, P.C.
1505 WESTLAKE AVENUE, SUITE 700
SEATTLE, WASHINGTON  98109
(206) 622-0494/FAX (206) 587-2476

US_Active\115043410\V-3

2.      As to paragraph 2.1 of Plaintiffs' Complaint, this paragraph states a legal conclusion and no response is required. First American otherwise denies the allegations in the paragraph, but admits that it transacts business in King County, Washington and asserts that because this case was initially filed in King County, Washington, the proper venue is the Seattle Division of the U.S. District Court for the Western District of Washington.

3.      As to paragraph 3.1 of Plaintiffs' Complaint, First American admits the allegations in this paragraph on information and belief.

4.      As to paragraph 3.2 of Plaintiffs' Complaint, First American admits the allegations in this paragraph.

5.      As to paragraph 3.3 of Plaintiffs' Complaint, First American admits that Plaintiffs are and at relevant times have been insureds under a homeowners' insurance policy issued by First American, but otherwise denies the allegations in paragraph 3.3.

6.      As to paragraph 3.4 of Plaintiffs' Complaint, this paragraph states a legal conclusion and no response is required. To the extent a response is required, First American denies the allegations in this paragraph.

7.      As to paragraph 4.1 of Plaintiffs' Complaint, First American admits the allegations in this paragraph.

8.      As to paragraph 4.2 of Plaintiffs' Complaint, First American admits that Plaintiffs were issued a homeowners' insurance policy from First American.  The policy is a document that speaks for itself, and First American denies any allegations that are inconsistent therewith.  To the extent a further response is deemed required, First American denies any remaining allegations in paragraph 4.2.

ANSWER OF DEFENDANT FIRST AMERICAN PROPERTY AND CASUALTY INSURANCE COMPANY TO PLAINTIFFS' COMPLAINT - 2

COLE | WATHEN | LEID | HALL, P.C.
1505 WESTLAKE AVENUE, SUITE 700
SEATTLE, WASHINGTON  98109
(206) 622-0494/FAX (206) 587-2476

US_Active\115043410\V-3

9.      As to paragraph 4.3 of Plaintiffs' Complaint, First American admits that Plaintiffs were issued a homeowners' insurance policy from First American.  The policy is a document that speaks for itself, and First American denies any allegations that are inconsistent therewith.  To the extent a further response is deemed required, First American denies any remaining allegations in paragraph 4.3.

10.     As to paragraph 4.4 of Plaintiffs' Complaint, First American lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies the allegations in this paragraph.

11.     As to paragraph 4.5 of Plaintiffs' Complaint, First American admits that Michael Peimann from Crawford & Company inspected Plaintiffs' home on or about March 27, 2019. First American lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and on that basis denies the allegations in this paragraph.

12.     As to paragraph 4.6 of Plaintiffs' Complaint, First American admits that Crawford & Company determined the replacement cash value for the claim described totaled $10,202.13 after the March 27, 2019 inspection, but otherwise denies the allegations in this paragraph.

13.     As to paragraph 4.7 of Plaintiffs' Complaint, First American admits on information and belief that American Leak Detection visited the Bugievs' home on or about April 4, 2019 to perform a cause, origin and duration investigation regarding an alleged leak behind the kitchen sink.  First American lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and on that basis denies the allegations in this paragraph.

14.     As to paragraph 4.8 of Plaintiffs' Complaint, First American admits that Mr. Allaire's report stated that "It appears that the water observed on the kitchen floor was caused by

ANSWER OF DEFENDANT FIRST AMERICAN PROPERTY AND CASUALTY INSURANCE COMPANY TO PLAINTIFFS' COMPLAINT - 3

COLE | WATHEN | LEID | HALL, P.C.
1505 WESTLAKE AVENUE, SUITE 700
SEATTLE, WASHINGTON  98109
(206) 622-0494/Fax (206) 587-2476

US_Active\115043410\V-3

1   a leak on the sink drain line. When water flowed through the drain line it leaked into the wall

2   cavity, and down to the subfloor. Leaking water was concealed until the water and/or the damage

3   became visible. The leak was intermittent, and was only active when water flowed through the

4   drain pipe. The leaking pipe had been replaced prior to arrival. It was no longer on site for

5   inspection. The severe decay, and the extensive moisture pattern in the subfloor, suggest a leak

6   duration of (1) year or more," and otherwise denies the allegations in this paragraph.

7       15.   As to paragraph 4.9 of Plaintiffs' Complaint, First American admits that Mr.

8   Allaire's report stated that "It appears that the water observed on the kitchen floor was caused by

9   a leak on the sink drain line. When water flowed through the drain line it leaked into the wall

10  cavity, and down to the subfloor. Leaking water was concealed until the water and/or the damage

11  became visible. The leak was intermittent, and was only active when water flowed through the

12  drain pipe. The leaking pipe had been replaced prior to arrival. It was no longer on site for

13  inspection. The severe decay, and the extensive moisture pattern in the subfloor, suggest a leak

14  duration of (1) year or more," and otherwise denies the allegations in this paragraph.

15      16.   As to paragraph 4.10 of Plaintiffs' Complaint, First American admits that claim

16  representative Bianca Orozco sent Mr. Buguiev an April 8, 2019 letter and a payment of

17  $8,936.79 for the actual cash value of the loss.  That letter is a document that speaks for itself,

18  and First American denies any allegations that are inconsistent therewith.  To the extent a further

19  response is deemed required, First American denies any remaining allegations in paragraph 4.10.

20      17.   As to paragraph 4.11 of Plaintiffs' Complaint, First American lacks knowledge or

21  information sufficient to form a belief about the truth of the allegations in this paragraph, and on

22  that basis denies the allegations in this paragraph.

23

ANSWER OF DEFENDANT FIRST AMERICAN PROPERTY AND CASUALTY
INSURANCE COMPANY TO PLAINTIFFS' COMPLAINT - 4

COLE | WATHEN | LEID | HALL, P.C.
1505 WESTLAKE AVENUE, SUITE 700
SEATTLE, WASHINGTON  98109
(206) 622-0494/Fax (206) 587-2476

US_Active\115043410\V-3

18.     As to paragraph 4.12 of Plaintiffs' Complaint, First American admits that it received a letter on August 13, 2019 from counsel for the Buguievs.  That letter is a document that speaks for itself, and First American denies any allegations that are inconsistent therewith. To the extent a further response is deemed required, First American denies any remaining allegations in paragraph 4.12.

19.     As to paragraph 4.13 of Plaintiffs' Complaint, First American denies the allegations in this paragraph.

20.     As to paragraph 5.1 of Plaintiffs' Complaint, First American incorporates its responses to paragraphs 1.1 through 4.13 as if fully set forth herein.

21.     As to paragraph 5.2 of Plaintiffs' Complaint, this paragraph states a legal conclusion and no response is required. To the extent a response is required, First American denies the allegations in this paragraph.

22.     As to paragraph 5.3 of Plaintiffs' Complaint, this paragraph states a legal conclusion and no response is required. To the extent a response is required, First American denies the allegations in this paragraph.

23.     As to paragraph 5.4 of Plaintiffs' Complaint, First American denies the allegations in this paragraph.

24.     As to paragraph 5.5 of Plaintiffs' Complaint, First American denies the allegations in this paragraph.

25.     As to paragraph 6.1 of Plaintiffs' Complaint, First American incorporates its responses to paragraphs 1.1 through 5.5 as if fully set forth herein.

26.     As to paragraph 6.2 of Plaintiffs' Complaint, First American denies the allegations in this paragraph.

ANSWER OF DEFENDANT FIRST AMERICAN PROPERTY AND CASUALTY INSURANCE COMPANY TO PLAINTIFFS' COMPLAINT - 5

COLE | WATHEN | LEID | HALL, P.C.
1505 WESTLAKE AVENUE, SUITE 700
SEATTLE, WASHINGTON  98109
(206) 622-0494/Fax (206) 587-2476

US_Active\115043410\V-3

27.     As to paragraph 6.3 of Plaintiffs' Complaint, First American denies the allegations in this paragraph.

28.     As to paragraph 6.4 of Plaintiffs' Complaint, First American denies the allegations in this paragraph.

29.     As to paragraph 7.1 of Plaintiffs' Complaint, First American incorporates its responses to paragraphs 1.1 through 6.4 as if fully set forth herein.

30.     As to paragraph 7.2 of Plaintiffs' Complaint, this paragraph states a legal conclusion and no response is required. To the extent a response is required, First American denies the allegations in this paragraph.

31.     As to paragraph 7.3 of Plaintiffs' Complaint, this paragraph states a legal conclusion and no response is required. To the extent a response is required, First American denies the allegations in this paragraph.

32.     As to paragraph 7.4 of Plaintiffs' Complaint, First American denies the allegations in this paragraph.

33.     As to paragraph 7.5 of Plaintiffs' Complaint, First American denies the allegations in this paragraph.

34.     As to paragraph 7.6 of Plaintiffs' Complaint, First American denies the allegations in this paragraph.

35.     As to paragraph 7.7 of Plaintiffs' Complaint, First American denies the allegations in this paragraph.

36.     As to paragraph 7.8 of Plaintiffs' Complaint, First American denies the allegations in this paragraph.

ANSWER OF DEFENDANT FIRST AMERICAN PROPERTY AND CASUALTY INSURANCE COMPANY TO PLAINTIFFS' COMPLAINT - 6

COLE | WATHEN | LEID | HALL, P.C.
1505 WESTLAKE AVENUE, SUITE 700
SEATTLE, WASHINGTON 98109
(206) 622-0494/Fax (206) 587-2476

US_Active\115043410\V-3

1   37.   As to paragraph 8.1 of Plaintiffs' Complaint, First American denies the allegations

2   in this paragraph.

3   38.   First American Denies Plaintiffs' prayer for relief in its entirety, including

4   paragraphs A-G.

5   ## DENIAL OF ALL ALLEGATIONS NOT EXPRESSLY ADMITTED

6   Defendant denies each and every allegation in Plaintiffs' Complaint that is not expressly

7   and specifically admitted above. Further, in no way should any of the admissions or denials

8   contained herein be construed as anything other than litigation handling. Admissions and denials

9   herein do not constitute claims handling nor should they be taken as a position by First American

10   as to claims handling.

11   ## RESERVATION OF RIGHTS

12   Defendant alleges the following affirmative defenses without assuming the burden of any

13   matter that would otherwise rest with the Plaintiffs, and reserves the right to revise, amend, and

14   supplement these affirmative defenses, and/or its answer, as discovery continues or the facts

15   warrant.

16   ## AFFIRMATIVE DEFENSES

17   ## FIRST AFFIRMATIVE DEFENSE

18   ### (Failure To State A Claim)

19   1.   The Complaint and each purported claim for relief therein fails to state facts

20   sufficient to set forth a claim for relief against First American.

21   ## SECOND AFFIRMATIVE DEFENSE

22   ### (Statute of Limitations)

23   2.   The Complaint and purported claims for relief alleged therein are by the

---

ANSWER OF DEFENDANT FIRST AMERICAN PROPERTY AND CASUALTY
INSURANCE COMPANY TO PLAINTIFFS' COMPLAINT - 7

COLE | WATHEN | LEID | HALL, P.C.
1505 WESTLAKE AVENUE, SUITE 700
SEATTLE, WASHINGTON 98109
(206) 622-0494/FAX (206) 587-2476

US_Active\115043410\V-3

applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

**(Estoppel)**

3.      By reasons of the acts, omissions, and representations of Plaintiffs, the Complaint is barred by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

**(Laches)**

4.      Plaintiffs' claims are barred by to the equitable doctrine of laches, and the unexcused delay in bringing this action, to the detriment of First American.

### FIFTH AFFIRMATIVE DEFENSE

**(Accord and Satisfaction)**

5.      Plaintiffs' claims are barred by to the equitable doctrine of accord and satisfaction.

### SIXTH AFFIRMATIVE DEFENSE

**(Waiver)**

6.      By reasons of the acts, omissions, and representations of Plaintiffs, the Complaint is barred by the doctrine of waiver.

### SEVENTH AFFIRMATIVE DEFENSE

**(Unclean Hands)**

7.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate Damages)**

8.      Plaintiffs are barred from recovery of damages pursuant to the allegations of the Complaint, or any cause of action contained therein, to the extent Plaintiffs failed to mitigate damages or to take such actions as are reasonably necessary to mitigate or avoid any such alleged damages.

### NINTH AFFIRMATIVE DEFENSE

ANSWER OF DEFENDANT FIRST AMERICAN PROPERTY AND CASUALTY INSURANCE COMPANY TO PLAINTIFFS' COMPLAINT - 8

COLE | WATHEN | LEID | HALL, P.C.
1505 WESTLAKE AVENUE, SUITE 700
SEATTLE, WASHINGTON 98109
(206) 622-0494/Fax (206) 587-2476

US_Active\115043410\V-3

**(Claims Barred By Contract Provisions)**

9.      Some or all of Plaintiffs' claims are barred by the express provisions of the Policy.

## TENTH AFFIRMATIVE DEFENSE

**(Primary and Exclusive Jurisdiction)**

10.      Some or all of Plaintiffs' claims are barred by the doctrines of primary and/or exclusive jurisdiction, in that the Washington Insurance Commissioner is vested with authority to determine premium amounts and regulate the adjustment of claims.

## ELEVENTH AFFIRMATIVE DEFENSE

**(Set Off)**

11.      Defendant is entitled to a set-off of any and all amounts paid by to Plaintiffs for damages claimed by Plaintiffs as a result of the incident(s) that occurred on or subsequent to the loss alleged in the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

**(Conduct Not Unlawful)**

12.      Some or all of Plaintiffs' claims are barred because First American's practices put in issue by the Complaint are not unlawful in that First American has complied with all laws alleged in the Complaint to have been violated.

## THIRTEENTH AFFIRMATIVE DEFENSE

**(Comparative Fault)**

13.      First American denies that that Plaintiffs have sustained any injury, damage or loss by reason of any act, error or omission on the part of First American. If however, it is established that Plaintiffs have sustained any injury, damage or loss, and that First American is liable in any amount or at all, any such injury, damage or loss was proximately caused or contributed to by negligence and other improper acts on the part of Plaintiffs and others, and the amount of any such injury, damage or loss must be apportioned, according to the respective

ANSWER OF DEFENDANT FIRST AMERICAN PROPERTY AND CASUALTY INSURANCE COMPANY TO PLAINTIFFS' COMPLAINT - 9

COLE | WATHEN | LEID | HALL, P.C.
1505 WESTLAKE AVENUE, SUITE 700
SEATTLE, WASHINGTON 98109
(206) 622-0494/Fax (206) 587-2476

US_Active\115043410\V-3

comparative fault, among all those persons whose negligence and improper acts caused and contributed to any such alleged injuries, damages or losses.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Misrepresentation)

14.     Plaintiffs' claims are barred to the extent Plaintiffs negligently or intentionally misrepresented, failed to disclose or concealed any facts material to First American.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Entitlement To Jury Trial On Equitable Claims )

15.     Jury trials are available for actions at law only.   Therefore, Plaintiffs are not entitled to a jury trial on their equitable claims.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Contributory Negligence)

16.     Plaintiffs' injuries, damages or losses are barred or limited by their own contributory negligence.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Fault of Others)

17.     Plaintiffs' claimed injuries, damages or losses are the fault of others who are not parties to this action.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Attorney's Fees)

18.     Plaintiffs are not entitled to an award of attorney's fees.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Harm)

19.     Plaintiffs have not been harmed and, in particular, have not been harmed by any conduct of First American.

## TWENTIETH AFFIRMATIVE DEFENSE

ANSWER OF DEFENDANT FIRST AMERICAN PROPERTY AND CASUALTY INSURANCE COMPANY TO PLAINTIFFS' COMPLAINT - 10

COLE | WATHEN | LEID | HALL, P.C.
1505 WESTLAKE AVENUE, SUITE 700
SEATTLE, WASHINGTON  98109
(206) 622-0494/FAX (206) 587-2476

US_Active\115043410\V-3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

**(Absence of Indispensable Parties)**

20.     The Complaint and each cause of action therein is barred to the extent Plaintiffs seek adjudication of the claims of absent parties, relief based upon the claims of absent parties, and/or remedies or judgment in favor of absent parties over whom this Court has no jurisdiction.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

21.     Plaintiffs lacks standing to assert some or all of the claims alleged in the Complaint and First American reserves the right to challenge the standing of each putative class member.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(No Basis for Restitution)**

22.     The Complaint fails to set forth a basis for restitution.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Preceding Events)**

23.     Plaintiffs' damages, if any, were caused by events that preceded or occurred subsequent to the incident the subject of this lawsuit.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Proximate Cause)**

24.     Plaintiffs' damages, if any, were proximately caused by events not the subject of this lawsuit.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Compliance with Law)**

25.     Aside from the acts admitted to herein, Defendant's investigation and adjustment of Plaintiffs' claim has been in compliance with Washington State law and was reasonable in light of the facts and circumstances surrounding the loss and claim submitted.

ANSWER OF DEFENDANT FIRST AMERICAN PROPERTY AND CASUALTY INSURANCE COMPANY TO PLAINTIFFS' COMPLAINT - 11

COLE | WATHEN | LEID | HALL, P.C.
1505 WESTLAKE AVENUE, SUITE 700
SEATTLE, WASHINGTON 98109
(206) 622-0494/FAX (206) 587-2476

US_Active\115043410\V-3

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Policy Exclusions)

26.    The complaint and each purported claim for relief is barred in whole or in part because the policy provides as follows:

"**SECTION I – PERILS INSURED AGAINST**
**Coverage A – Dwelling and Coverage B – Other Structures**

**SECTION I – EXCLUSIONS**

A. Coverage A – Dwelling and Coverage B – Other Structures

1.    We insure against risk of direct physical loss to property described in Coverages A and B.

2.    We do not insured, however, for loss:
    a.    Excluded under Section I – Exclusions;
    b.    Involving collapse, except as provided in E.8. Collapse under Section I – Property Coverages; or
    c.    Caused by:

. . .

5.    Caused by constant or repeated seepage or leakage of water or the presence or condensation of humidity, moisture or vapor, over a period of weeks, months or years unless such seepage or leakage of water or the presence or condensation of humidity, moisture or vapor and the resulting damage is unknown to all "insureds" and is hidden within the wall or ceilings or beneath the floors or above the ceilings of a structure

(6)    Any of the following:
    (a)    Wear and tear, marring deterioration;
    (b)    Mechanical breakdown, latent defect, inherent vice or any quality in property that causes it to damage or destroy itself;
    (c)    Smog, rust or other corrosion, or dry rot;
    (d)    Smoke from agricultural smudging or industrial operations;
    (e)    Discharge, dispersal, seepage, migration, release or escape of pollutants unless the discharge, dispersal, seepage, migration,

ANSWER OF DEFENDANT FIRST AMERICAN PROPERTY AND CASUALTY INSURANCE COMPANY TO PLAINTIFFS' COMPLAINT - 12

COLE | WATHEN | LEID | HALL, P.C.
1505 WESTLAKE AVENUE, SUITE 700
SEATTLE, WASHINGTON  98109
(206) 622-0494/Fax (206) 587-2476

US_Active\115043410\V-3

release or escape is itself caused by a Peril
Insured Against named under Coverage C.

Pollutants means any solid, liquid, gaseous or thermal
irritant or contaminant, including smoke, vapor, soot, fumes,
acids, alkalis, chemicals, and waste. Waste includes
materials to be recycled, reconditioned or reclaimed.

    (f)    Settling, shrinking, bulging or expansion,
including resultant cracking, of bulkheads,
pavements, patios, footings, foundations,
walls, floors, roofs or ceilings."

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Good Faith)

27.    Plaintiffs' claims are barred, in whole or in part, as Defendant's actions were at all times reasonable and taken in good faith.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Public Policy)

28.    Plaintiffs' claims are barred, in whole or in part, to the extent any recovery would be contrary to public policy.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Plaintiffs' Prevention of Defendant's Performance of Obligations)

29.    Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs and/or their agent(s) have prevented Defendant from performing its obligations, if any.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Damages Not Recoverable Under Theories Pled)

30.    Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs seek damages which are not properly recoverable under the theories set forth in the Complaint, including, but not limited to, prejudgment interest and attorney's fees.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Release, Compromise, and/or Settlement)

31.    Plaintiff's claims are barred, in whole or in part, to the extent the doctrines of

ANSWER OF DEFENDANT FIRST AMERICAN PROPERTY AND CASUALTY
INSURANCE COMPANY TO PLAINTIFFS' COMPLAINT - 13

US_Active\115043410\V-3

COLE | WATHEN | LEID | HALL, P.C.
1505 WESTLAKE AVENUE, SUITE 700
SEATTLE, WASHINGTON  98109
(206) 622-0494/FAX (206) 587-2476

payment, release (express and/or implied), compromise and/or settlement apply.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

32.     First American reserves the right to allege additional affirmative defenses as it discovers facts or circumstances supporting those affirmative defenses through discovery or otherwise.

## DEMAND FOR JURY TRIAL

33.     Pursuant to Federal Rule of Civil Procedure 81(c)(3), First American hereby demands a jury trial on all issues so triable in this action.

## PRAYER FOR RELIEF

Wherefore Defendant prays for judgment as follows:

1.      That Plaintiffs take nothing by way of their Complaint;

2.      That the Complaint be dismissed with prejudice and judgment be entered in favor of Defendant;

3.      For set-off of any and all amounts paid by Defendant to Plaintiffs for damages claimed by Plaintiffs;

4.      That First American be awarded costs and attorney's fees incurred in this action; and

For such other and further relief as this Court deems fit and proper.

DATED this 10th day of July, 2020.

**COLE | WATHEN | LEID | HALL, P.C.**

/s/ Rory W. Leid
Rory W. Leid, WSBA #25075
s/ Christopher J. Roslaniec
Christopher J. Roslaniec, WSBA #40568
Attorney for Defendants
1505 Westlake Avenue, Suite 700
Seattle, WA  98109
Tel: (206) 622-0494 |  Fax: (206) 587-2476
rleid@cwlhlaw.com | croslaniec@cwlhlaw.com

ANSWER OF DEFENDANT FIRST AMERICAN PROPERTY AND CASUALTY INSURANCE COMPANY TO PLAINTIFFS' COMPLAINT - 14

COLE | WATHEN | LEID | HALL, P.C.
1505 WESTLAKE AVENUE, SUITE 700
SEATTLE, WASHINGTON  98109
(206) 622-0494/FAX (206) 587-2476

US_Active\115043410\V-3

1

## CERTIFICATE OF SERVICE

2

3
The undersigned makes the following declaration certified to be true under penalty of perjury pursuant to RCW 9A.72.085:

4
On the date given below, I hereby certify that I caused the foregoing to be filed using the United States District Court for Western District of Washington – Document Filing System (CM/ECF) and a true and correct copy to be served on the following parties in the manner indicated:

5

6

| Counsel for Plaintiffs: | Via ECF |
|---|---|
| Joseph W. Moore, WSBA #44061 | |
| Moore Law Group, PLLC | |
| 1604 Hewitt Avenue, Suite 515 | |
| Everett, WA 98201 | |
| 425/998-8999 | |
| joseph@moore.law | |

7

8

9

10

11
I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

12
Dated this 10th day of July, 2020, at Seattle, Washington.

13
*s/ Sonia Chakalo*
Sonia Chakalo, Legal Assistant
schakalo@cwlhlaw.com

14

15

16

17

18

19

20

21

22

23

ANSWER OF DEFENDANT FIRST AMERICAN PROPERTY AND CASUALTY INSURANCE COMPANY TO PLAINTIFFS' COMPLAINT - 15

COLE | WATHEN | LEID | HALL, P.C.
1505 WESTLAKE AVENUE, SUITE 700
SEATTLE, WASHINGTON 98109
(206) 622-0494/FAX (206) 587-2476

US_Active\115043410\V-3